BELSON, Senior Judge,
dissenting.
I do not agree that the evidence, viewed in the light most favorable to the government, was insufficient to convict appellant of felony assault. The physical attack by taxi passenger Daric Wilson on taxi driver Salim Abubakar was violent and obviously so severe that it could inflict significant injury, as defined in D.C.Code § 22-404(a)(2) (2012 Repl.) (“[T]he term ‘significant bodily injury means an injury that requires hospitalization or immediate medical attention.”). Incensed by what he considered the driver’s failure to take him and his fellow passengers to the desired location, Mr. Wilson viciously attacked. Mr. Abubakar, In the course of that attack, Mr. Wilson choked Mr. Abubakar and then struck him above his left eye, causing very severe bleeding. The blow made Mr. Abu-bakar dizzy. Mr.' Wilson, who is much larger than his victim, then leapt upon Mr. Abubakar’s back, wrapped his own legs around Mr. Abubakar’s legs, and drove him face forward to the ground. Mr. Abu-bakar hit the ground so hard, according to Miv Wilson’s fellow- passenger, that it caused a “dull thud” that “sounded like it hurt.”
A woman was watching from her apartment window as the encounter unfolded. She saw the driver get out of his cab and turn in the direction of Mr. Wilson and his companions. While it did not appear to her that the driver was acting aggressively, Mr. Wilson was very aggressive and was acting like a “schoolyard bully.” She said that the much smaller victim appeared intimidated, especially when Mr, Wilson yanked on the sleeve of his victim’s jacket and attempted to pull the jacket over his head. At that point, she decided to intervene, and, as she went outside, instructed her husband to call the police. On her way out, she heard “a very guttural terrified scream” as if someone was “absolutely getting pummeled.” Mr. Wilson accompanied his onslaught against Mr. Abubakar with racist comments that Mr. Abubakar found “hurtful.”
The police officers who responded to the scene testified to Mr. Abubakar’s profuse bleeding caused by Mr. Wilson’s attack. One officer also testified that at that time Mr. Abubakar could not really talk that well, that at one point his jaw would not move, and that the medical first responders thought his jaw might be broken. After putting Mr. Abubakar.in the ambulance and tending to him for about a half-hour, the paramedics took him to the hospital in the-ambulance.
There is no explanation in the record for the absence of testimony of hospital personnel and of hospital records.[1] There are, however, photographs of Mr. Abuba- *1221 kar taken at the hospital, which were admitted without objection, one of. which shows him with the neck brace that was fitted on him and a blood pressure sleeve, as well as what are apparently electrocardiogram leads attached to his chest. . It shows the injury above Mr. Abubakar’s eye and the scratches, inferentially suffered when Mr. Wilson- drove his face-into the ground.
The majority opinion states that' “However bad the injuries may seem, the government’s ‘combined evidence’ fails to show that ‘immediate medical attention’ was required to ‘prevent[} long-term physical damage and other potentially permanent injuries’ or ‘abat[e] pain that is severe’ instead of ‘lesser, short-term hurts.’ ” Ante at 1217-18 (quoting Teneyck v. United States, 112 A.3d 906, 909 (D.C.2015) (quoting Nero v. United States, 73 A.3d 153,158 (D.C.2013))).
The majority’s view of the injuries that Mr. Wilson inflicted on.Mr. Abubakar is contradicted by the conduct of the police officers and later the paramedics on the scene, as well as by the testimony of Mr. Abubakar himself. An ambulance was summoned. The accompanying paramedics tended to Mr. Abubakar for as long as half an hour at the scene, and decided to take him to the hospital for treatment. Clearly this was not a case of minor injuries which trained medical personnel thought could be treated by “everyday remedies such as ice packs, bandages, and self-administered over-the-counter medications .... ” Quintanilla v. United States, 62 A.3d 1261, 1265 (D.C.2013).
Even without testimony of hospital personnel or the submission of hospital records, there was ample evidence before the jury to support its finding of significant injury. In particular, the photograph of Mr. Abubakar taken at the hospital showing him in a neck brace, obviously placed on him by medically-trained personnel, gives strong support to the verdict, Mr. Abubakar testified that the beating caused him “great pain.” The jury could infer on this record that immediate medical attention was needed to abate that pain. The decision of the paramedics to transport Mr.- Abubakar to the hospital after tending to him for about one half hour at the scene of his beating, and the attention he received at the hospital as evinced’ by the photographs in evidence stand in sharp contrast with the evidence in a case like Quintanilla, supra, 62 A.3d at 1265, where even the victim of the assault thought she was capable of taking care of herself -and declined transportation to a hospital by the paramedics who arrived at the scene of her assault with an ambulance.
The trial judge properly instructed the jury that:
[Significant bodily injury means an injury that requires hospitalization or immediate medical attention- in order to preserve the health and well-being of the individual.... [Y]ou must consider the nature of the alleged injury itself and the practical need in the ordinary course of events for hospitalization or prompt medical attention in determining whether significant bodily injury occurred here;
The jury heard the evidence and was convinced beyond a reasonable doubt that it demonstrated that Mr. Abubakar had suffered a significant injury based oh his need for immediate medical attention and treatment. More specifically, the verdict is supported by evidence about the beating, the bleeding, the pain, the dizziness, as well as Mr. Abubakar’s inability to move his jaw, which a medical technician thought was broken, the subsequent decision by trained medical personnel to seek further medical treatment at the hospital after tending to Mr. Abubakar for a half-hour at the scene, and the medical decision to fit Mr. Abubakar with a neck brace. *1222 Under the circumstances that they encountered, it would have been irresponsible for emergency medical technicians not to see to it that Mr. Abubakar was taken to the hospital for immediate medical attention in order to abate his severe pain or to prevent long-term physical damage or other potentially permanent injuries. Teneyck, supra, 112 A.3d at 909; Nero, supra, 73 A.3d at 158.
The attached photo of the beaten Mr. Abubakar at the hospital serves to describe his physical injuries better than the proverbial “thousand words.” The jury learned that the beating had á profound effect on the life of Mr. Abubakar, who testified that he is no longer driving a taxicab “because of this man[,]” referring to Mr. Wilson.
This court’s opinions have offered various formulations or examples in recent years in an effort to differentiate between the types of assault that constitute aggravated assault (serious injury), felony assault (significant injury), and simple assault (lesser injuries, neither serious nor substantial.) Many such cases are quoted in the majority opinion. The examples and formulations they offer frequently arise out of the facts of a particular case before the court. These opinions must, of course, be considered when this court is called upon to evaluate the facts of each appeal as it comes before us, but they should not be applied in a way that trenches upon the authority of a jury to consider the facts of a case and apply the statute as embodied in the jury instructions. As the Supreme Court noted in Jackson v. Virginia,, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the relevant inquiry is not whether the evidence convinces an appellate court of the defendant’s guilt beyond a reasonable doubt, but whether “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” (emphasis in original).
The facts before the jury in this case, including the nature of the injuries inflicted on Mr. Abubakar and the obvious “practical need in the ordinary course of events for hospitalization or prompt medical attention” (in the words of the instructions the jury was applying), led the jury to find that appellant inflicted a significant injury on Mr. Abubakar. See id. The same reality that led the police officers to assist in bringing Mr. Abubakar into the care of the paramedics and led them, in turn, to treat and then transport him to the hospital gives a firm evidentiary foundation to the jury’s verdict. This court should not overturn the jury’s verdict that found that Mr. Abubakar suffered “injury that requires hospitalization or immediate medical attention,” and, thus, that Mr. Wilson committed a felony assault under D.C.Code § 22-404(a)(2).[2]
Appendix
*1223 [[Image here]]

. This court has not held that the need for immediate-medical attention can be proven only by medical or other expert witnesses.

. Another appeal involving the sufficiency of the evidence to establish felony assault is pending before a division of this court. Belt v. United States, No. 15-CF-324.